# EXHIBIT B

Squire Patton Boggs (US) LLP
Sean P. Conboy, State Bar No. 214487
sean.conboy@squirepb.com
Shaun Kim, State Bar No. 307812
shaun.kim@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone: +1 213.624.2500
Facsimile: +1 213.623.4581

Attorneys for Defendant
BENTLEY MOTORS, INC.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| STUPPLER & COMPANY, INC.;<br><br>Plaintiff,<br><br>v.<br><br>BENTLEY MOTORS, INC. and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 23SMCV04032<br><br>*Assigned for all purposes to: Hon. Elaine W. Mandel*<br><br>**DEFENDANT BENTLEY MOTORS, INC.'S ANSWER TO COMPLAINT**<br><br>Complaint Filed: August 28, 2023 |

COMES NOW Defendant Bentley Motors, Inc. and in answer to Plaintiff Stuppler & company, Inc.'s Complaint on file herein alleges and avers as follows:

**GENERAL DENIAL**

Defendant Bentley Motors, Inc. ("Defendant" or "BMI"), for itself and for no other person or entity, files this general denial pursuant to Code of Civil Procedure section 431.30(d) and hereby denies – each and every, all and singular, generally and specifically – the allegations contained in Plaintiff Stuppler & Company, Inc.'s ("Plaintiff") Complaint, and further specifically denies that Plaintiff has been injured in any way or damaged in any sum or amount whatsoever.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## AFFIRMATIVE DEFENSES

AS AND FOR ITS SEPARATE, DISTINCT, AND AFFIRMATIVE DEFENSES to the Complaint on file herein and to each cause of action thereof, this answering Defendant alleges as follows:

### FAILURE TO STATE A CAUSE OF ACTION

(As to all claims)

1. The subject Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against this answering Defendant.

### LACK OF NONCONFORMITY

(As to all claims)

2. There is no warranted defect or nonconformity with respect to the subject vehicle. Moreover, the subject vehicle's alleged defects – if any exist – do not substantially impair the use, value or safety of the subject vehicle so as to warrant or support Plaintiff's Complaint, and thus Plaintiff is barred from the recovery sought therein.

### NO REASONABLE NUMBER OF REPAIR ATTEMPTS

(As to all claims)

3. Plaintiff did not allow this answering Defendant or its dealer(s) a reasonable number of attempts to conform the subject vehicle to the express warranty applicable to it.

### CONDITIONS BEYOND CONTROL OF DEFENDANT – CIV. CODE § 1793.2(b)

(As to all Song-Beverly Consumer Warranty Act claims)

4. Any delay in the repair of the subject vehicle or any alleged defect or nonconformity thereof was caused by conditions beyond this answering Defendant's control. (Civil Code § 1793.2(b)).

### CONDITIONS BEYOND CONTROL OF DEFENDANT – CIV. CODE § 1793.22(b)(3)

(As to all Song-Beverly Consumer Warranty Act claims)

5. Any delay in the repair of the subject vehicle or any alleged defect or nonconformity was due to conditions beyond this answering Defendant's control. (Civil Code § 1793.22(b)(3)).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**LACK OF WARRANTY COVERAGE**

(As to all claims)

6. The alleged defects or nonconformities at issue, and any alleged damage resulting therefrom, were and are expressly excluded from and otherwise not covered by the express written limited warranty applicable to the subject vehicle.

**FAULT OF OTHERS**

(As to all claims)

7. Upon information and belief, the losses and damages complained of by Plaintiff, if any, were proximately caused by the negligence, acts, omissions and/or fault of Plaintiff and parties, individuals, or entities other than this answering Defendant.

**ALTERATION OF PRODUCT**

(As to all claims)

8. Upon information and belief, the subject vehicle was altered, changed, or otherwise modified by parties, individuals, or entities other than this answering Defendant, and said modifications, changes, or alterations were a proximate cause of the damages alleged by Plaintiff, if any there were.

**MISUSE OF VEHICLE AND FAILURE TO FOLLOW INSTRUCTIONS**

(As to all claims)

9. Upon information and belief, any alleged defects or nonconformities in the subject vehicle were caused solely and exclusively by misuse, abuse, and failure to use the subject vehicle in the manner in which it was intended, and by a failure to follow instructions regarding the subject vehicle. Such misuse, abuse, and failure to follow instructions on the part of Plaintiff and parties, individuals, and entities other than this answering Defendant, proximately caused or contributed to the damages complained of, if any there were.

**UNAUTHORIZED OR UNREASONABLE USE**

(As to all Song-Beverly Consumer Warranty Act claims)

10. Upon information and belief, any alleged defects or nonconformities in the subject vehicle were caused by the unauthorized or unreasonable use of the subject vehicle following sale. (Civil Code § 1794.3).

**FAILURE TO COMPLY WITH APPLICABLE PROVISIONS OF LAW**

(As to all Song-Beverly Consumer Warranty Act claims)

11. Plaintiff has failed to comply with the requirements of the applicable statutory provisions for asserting the causes of action alleged in the Complaint including, but not limited to, those set forth under the provisions the Song-Beverly Consumer Warranty Act, Civil Code section 1791 *et seq.*; accordingly, Plaintiff is barred from asserting such claims in this action.

**FAILURE TO EXHAUST DISPUTE RESOLUTION PROCESS – CIVIL CODE § 1793.22(C)**

(As to all Song-Beverly Consumer Warranty Act claims)

12. Upon information and belief, Plaintiff did not resort to, exhaust, or otherwise fully comply with a qualified third-party dispute resolution process, pursuant to Civil Code section 1793.22(c).

**COMPLIANCE**

(As to all Song-Beverly Consumer Warranty Act claims)

13. This answering Defendant has complied with its obligations under the implied warranty and limited express warranty, and with the requirements of the Song-Beverly Consumer Warranty Act.

**CIVIL CODE § 1794(e)(2)**

(As to all Song-Beverly Consumer Warranty Act claims)

14. This answering Defendant maintains a qualified third-party dispute resolution process which complies or substantially complies with Section 1793.22 and therefore this answering Defendant is not liable for civil penalties pursuant to Section 1794(e)(2).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**LACK OF VERTICAL PRIVITY**

(As to all implied warranty claims)

15. Plaintiff's claims for breach of implied warranty are barred by a lack of vertical privity between Plaintiff and this answering Defendant, as Plaintiff did not purchase the subject vehicle from or otherwise contract with this answering Defendant.

**FAILURE TO MITIGATE DAMAGES**

(As to all claims)

16. Plaintiff was under a duty to mitigate any damages which may have been sustained, and Plaintiff failed to act reasonably and properly to mitigate any damages or losses Plaintiff claims to have sustained, if any there were. Accordingly, Plaintiff is barred from recovering any damages, which could have been avoided by reasonable mitigation efforts.

**REPAIR**

(As to all claims)

17. If there were any nonconformities or defects manifested in the subject vehicle (which this answering Defendant expressly denies), those nonconformities or defects have been fully serviced or repaired to conform the vehicle to the applicable warranty(ies).

**EQUITABLE DEFENSES**

(As to all claims seeking equitable relief)

18. Plaintiff is estopped from seeking equitable relief from this answering Defendant because, upon information and belief, Plaintiff's own inequitable conduct precludes equitable relief under the doctrines of unclean hands, equitable estoppel, and/or laches.

**EXPIRATION OF IMPLIED WARRANTY – CIVIL CODE § 1791.1**

(As to all Song-Beverly Consumer Warranty Act claims)

19. Any and all implied warranties, if any there were, including but not limited to warranties of merchantability and fitness, expired by their own terms or by operation of Civil Code section 1791.1 prior to the filing of Plaintiff's Complaint.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**DEMAND FOR ARBITRATION**

(As to all claims)

20. Upon information and belief, the contract for the purchase of the subject vehicle referenced in Plaintiff's Complaint includes an arbitration clause and by way of this answer and affirmative defense, this answering Defendant hereby demands arbitration and does not waive its rights to seek arbitration of those issues.

**CIVIL CODE § 1793.22 (NO NOTICE)**

(As to all Song-Beverly Consumer Warranty Act claims)

21. This answering Defendant clearly and conspicuously disclosed to Plaintiff the provisions of Civil Code section 1793.22 and of Civil Code section 1793 .2(d), including the requirement that Plaintiff must notify this answering Defendant directly pursuant to paragraphs (1) and (2) of Civil Code section 1793.22(b). This answering Defendant is informed and believes, and based thereon alleges, that Plaintiff did not give proper notice to this answering Defendant.

**NO WILLFUL VIOLATION**

(As to all Song-Beverly Consumer Warranty Act claims)

22. Plaintiff cannot recover a civil penalty because this answering Defendant's acts or omissions were not willful. (Civ. Code, § 1794(c)).

**CIVIL CODE § 1794 (BREACH OF IMPLIED WARRANTY)**

(As to all Song-Beverly Consumer Warranty Act claims)

23. Plaintiff cannot recover a civil penalty because Plaintiff's claim is based on breach of an implied warranty. (Civ. Code, § 1794(c)).

**CIV. CODE § 1794(E)(3) (NO NOTICE)**

(As to all Song-Beverly Consumer Warranty Act claims)

24. This answering Defendant is informed and believes, and based thereon alleges, that Plaintiff cannot recover a civil penalty for a non-willful violation of paragraph (2) of subdivision ( d) of Civil Code section 1793.2, because Plaintiff failed to serve proper notice. (Civ. Code § 1794(e)(3)).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**DEFENDANT NOT RETAILER OR DISTRIBUTOR OF USED VEHICLES**

(As to all Song-Beverly Consumer Warranty Act claims)

25. This answering Defendant is not a retailer or distributor of used vehicles so cannot be liable for any alleged breach of implied warranty.

**NO UNLAWFUL ACT**

(As to all B&P § 17531 and § 17535 claims)

26. This answering Defendant did not engage in any unlawful act, omission, or misrepresentation relative to the Plaintiff or the subject vehicle.

**ADEQUATE REMEDY AT LAW**

(As to all B&P § 17531 and § 17535 claims)

27. Plaintiff is not entitled to obtain the equitable relief sought because Plaintiff has an adequate remedy at law.

**NO INJURY IN FACT**

(As to all B&P § 17531 and § 17535 claims)

28. Plaintiff has not suffered any injury in fact or lost money or property as a result of any alleged misrepresentation, act, or omission by this answering Defendant.

**RESERVATION OF DEFENSES**

(As to all claims)

29. This answering Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses available, so this answering Defendant reserves the right to assert such additional defenses in the event discovery, investigation, or analysis indicate the need for same.

WHEREFORE, this answering Defendant prays for judgment and relief as follows:

1. That Plaintiff take nothing by way of the Complaint on file herein;

2. For judgment in favor of this answering Defendant and against Plaintiff on each and every cause of action of the Complaint;

3. For this answering Defendant's attorneys' fees as allowed by law;

4. For this answering Defendant's costs of suit as allowed by law; and,

5. For such other relief as the Court may deem just and proper.

Dated: September 29, 2023

Squire Patton Boggs (US) LLP

By: /s/ Shaun Kim

Sean P. Conboy
Shaun Kim
Attorneys for Defendant
BENTLEY MOTORS, INC.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**PROOF OF SERVICE**
(Pursuant to California State Law)

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action. My business address is 555 South Flower Street, 31st Floor, Los Angeles, California 90071, which is located in the county where any non-personal service described below took place.

On September 29, 2023, a copy of the following document(s):

**DEFENDANT BENTLEY MOTORS, INC.'S ANSWER TO COMPLAINT**

was served on:

Raphael E. Davis, Esq.
LEMON-AID LEGAL, APC
420 Exchange, Suite 270
Irvine, CA 92602

Attorney for Plaintiff
**STUPPLER & COMPANY, INC.**

Service was accomplished as follows.

☒ **By U.S. Mail.** On the above date, I sealed the above document(s) in an envelope addressed to the above, and deposited that sealed envelope in a post office, mailbox, sub-post office, substation, mail chute or other like facility regularly maintained by the U.S. Postal Service, located in Los Angeles, California, postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 29, 2023, at Los Angeles, California.

Shakia N. Smith